UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM L. BATTLE<br>    Petitioner, | ]<br>]<br>]    No. 3:08-cv-0988 |
| v. | ]    (No. 3:08-mc-0235)<br>]    Judge Trauger |
| ATTORNEY GENERAL OF TENNESSEE,<br>et al.<br>    Respondents. | ]<br>]<br>] |

MEMORANDUM

The petitioner, proceeding *pro se*, is a resident at a halfway house in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the Attorney General of Tennessee, the Metropolitan Government of Nashville and Davidson County, and the Davidson County Sheriff's Department, seeking a writ of habeas corpus.

The petitioner states simply that he pled "guilty to possession of sale". Docket Entry No.1 at pg. 3. It appears that he intends to challenge the legality of this conviction.

A petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from considerations of comity between the states and federal government and is designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 404 U.S. 249, 250 (1971). This means that as a condition precedent to seeking federal relief, the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455

U.S 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F 2d 878, 883 (6th Cir 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. Darr v. Burford, 339 U.S. 200, 218-219 (1950); Clounce v. Pressley, 640 F.2d 271, 273 (6th Cir 1981) In this case, the petitioner has apparently made no effort to exhaust his claims in the state courts. Given the absence of any allegations suggesting that state court remedies are either futile or no longer available, it appears that the petitioner has failed to exhaust his state court remedies prior to the filing of this action

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, supra, at 455 U.S 522 Therefore, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

Aleta A. Trauger
United States District Judge